IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CATRELL TRAVIS RAWLS,                                          CV. 08-107-KI

              Petitioner,                         OPINION AND ORDER

     v.

GUY HALL,

              Respondent.

MICHAEL R. LEVINE
Levine & McHenry
1001 S.W. Fifth Avenue, Suite 1414
Portland, Oregon 97204

     Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

     Attorneys for Respondent

KING, Judge

     Petitioner Catrell Travis Rawls, an inmate at the Two Rivers

Correctional Institution, brings this habeas corpus proceeding

pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

### BACKGROUND

On December 23, 2002, petitioner and his co-defendant, Jamie Ramirez, decided to rob Matthew Engelhart.  Petitioner called Matthew Engelhart and arranged to meet him.  Previously, petitioner had given Ramirez a gun.  When petitioner, Ramirez and Engelhart arrived for the meeting, Ramirez robbed Engelhart and then shot Engelhart with the gun supplied by petitioner.  (Resp. Ex. 107.)

On January 10, 2003, petitioner was indicted in Washington County Circuit Court on three counts, a single count each of Felony Murder, Murder, and Robbery in the First Degree.  (Resp. Ex. 102.) Petitioner was represented by attorney Clayton J. Lance.  Trial began on October 12, 2003. After jury selection, there was a delay of a few days.  The evidentiary portion of the trial was set to begin on November 7, 2003.  However, on that day, petitioner and the state reached a plea agreement in which petitioner agreed to plead guilty to Felony Murder and Robbery in the First Degree in exchange for the state dropping the murder charge and a separate unrelated charge.

Prior to entering his guilty plea, petitioner signed a plea petition.  In the plea petition, petitioner acknowledged that he was giving up the right to a trial, the right to confront witnesses against him, the right to compel the attendance of witnesses in his

favor, and the right to take the stand in his own defense if he desired.   The plea petition provided that petitioner would be sentenced to a maximum of life in prison, with a minimum of 25 years in prison.   (Resp. Ex. 103.)   The plea petition also contained a statement from petitioner's attorney which provides "Client and I discussed at length constitutional and statutory rights.  He expresses full understanding." (Id.)

Later that day, petitioner appeared before Washington County Circuit Court Judge Steven L. Price to change his plea to guilty. At the hearing, the plea petition was presented to Judge Price. The court and petitioner engaged in a lengthy colloquy in which petitioner stated that he was voluntarily entering the guilty plea. The court inquired whether petitioner understood the rights he was waiving, and petitioner responded that he did.   The court also inquired about the factual basis for the plea.   Petitioner and trial counsel answered questions from the court, and the court accepted petitioner's plea.

Some two months later, petitioner filed a motion to withdraw his plea.  Petitioner obtained new counsel, and was represented at that hearing by Robert Elliott.   In support of his motion, petitioner filed an affidavit in which he averred that he was unaware that parole could be denied, and that he might serve a sentence longer than 25 years. (Resp. Exs. 107, 117.)   The trial

court denied the motion to withdraw the plea.  (Resp. Ex. 107, p. 2.)

At the sentencing hearing on March 5, 2004, the court merged the convictions for Robbery in the First Degree and Felony Murder. Petitioner was sentenced to life in prison with a minimum of 25 years before eligibility for parole.  (Resp. Exs. 101 & 105, p. 7.)

Petitioner did not directly appeal his convictions, but did file for post-conviction relief (PCR).  (Resp. Ex. 106.)  Following an evidentiary hearing, the PCR court denied relief.  (Resp. Ex. 123.)  On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Rawls v. Hall, 215 Or. App. 501, 170 P.3d 8, rev. denied, 343 Or. 690 (2007).

Petitioner filed a successive PCR petition.  The PCR trial court dismissed the petition as time-barred.  Petitioner's appeal was denied and the Oregon Supreme Court denied review on August 30, 2009.  (Resp. Ex. 134, Pet. Reply (#-), p. 8.)

In the instant proceeding, petitioner raises four claims for relief:  (1) the trial court erroneously accepted a plea and entered a judgment without properly advising petitioner of the waiver of his right against self-incrimination, violating O.R.S. § 135.385; (2) the trial court erroneously accepted a plea and entered a judgment without ensuring that the plea was knowingly,

voluntarily, and intelligently made, violating O.R.S. § 135.390; (3) the trial court erroneously denied petitioner's motion to withdraw his guilty plea; and (4) petitioner received ineffective assistance of counsel, with eight separate sub-claims. (Petition for Writ of Habeas Corpus (#1) p. 6-10.)

<u>**DISCUSSION**</u>

Respondent asserts that the bulk of petitioner's grounds for relief are procedurally defaulted. Alternatively, respondent contends that the state court's decision is entitled to deference under 28 U.S.C. § 2254.

In his responsive briefing to this court, petitioner submits that any procedural default should be excused because he is actually innocent of felony murder. On the merits, petitioner contends counsel rendered ineffective assistance of counsel and that the PCR court's determination is not entitled to deference under 28 U.S.C. § 2254(d)(1) or (2).

**I.    <u>Procedural Default</u>.**

**A.    Standards**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under

state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of the law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal." Baldwin, 541 U.S. at 32; Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (2008), cert. denied, 129 S. Ct. 1033 (2009). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Coleman, 501 U.S. at 750.

**B. Analysis.**

   **1. Petitioner has not met his burden on grounds for relief one, three, and four, sub-claims 1-2 and 6-8.**

Respondent moves to deny habeas corpus relief on grounds one, three, and four, sub-claims 1-2 and 6-7 on the basis that petitioner has failed to sustain his burden demonstrating why he is

entitled to relief.  I agree.  Petitioner has failed to demonstrate that the state court's rejection of these claims is contrary to or an unreasonable application of clearly established federal law in his briefing to this court.  See Silva v. Woodford, 279 F.3d 825, 835 (9th Cir.), cert. denied, 537 U.S. 942 (2002)(petitioner bears the burden of proving his habeas claims).  The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to habeas relief.  Accordingly, habeas corpus relief on grounds one, three, and four, sub-claims 1-2 and 6-8 is denied.

**2.   Ground for relief two has not been fairly presented.**

Respondent moves to deny relief on ground two on the basis that petitioner's federal challenge to the voluntariness of his plea was presented to the Oregon Supreme Court on state law grounds only, and as such, was not fairly presented.  I agree.

A petitioner does not fairly present a federal claim to a state court unless he specifically indicates to that court that those claims were based on federal law.  The claim must be apparent from the appellate briefs or other similar papers.  Reese, 541 U.S. at 32.  The petitioner must have alerted the state court that his claims rested on the federal Constitution and the federal issue must be presented "within the four corners of his appellate briefing."  Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2004), cert. denied, 546 U.S. 818 (2005).  The mere similarity

between a claim of state and federal error is insufficient to
establish exhaustion. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th
Cir. 1999), <u>cert. denied</u>, 529 U.S. 1009)(2000).  This court must
assess  whether the state court had a "'fair opportunity to apply
controlling legal principles to the facts bearing upon his
constitutional claim.'" <u>Fields v. Waddington</u>, 401 F.3d 1018, 1021-
22 (9th Cir.), <u>cert. denied</u>, 546 U.S. 1037(2005)(quoting <u>Castillo</u>,
399 F.3d at 1000); <u>accord</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365
(1995)(per curiam).

     In this case, in his petition for post-conviction relief,
petitioner alleged that the trial court erred in failing to assess
whether his plea was voluntarily and intelligently made, violating
O.R.S. § 135.390.  (Resp. Ex. 106.)  Petitioner did not submit a
trial brief to the PCR court.  However, petitioner's memorandum in
support of his motion to withdraw his plea was submitted to the PCR
court. (Resp. Ex. 119.)  In that memorandum, petitioner did cite
the controlling federal law concerning the voluntariness of his
plea, thus it appears that the federal nature of ground two was
presented to the PCR court.  (<u>Id.</u> at p. 8-9.)

     In his brief to the Oregon Court of Appeals, petitioner
challenged the PCR court's ruling in his first assignment of error,
which states:  "Are a post-conviction petitioner's claims of trial
court error barred where the petitioner pleaded guilty in the

criminal proceedings and where petitioner could not have raised those claims on direct appeal?" (Resp. Ex. 126.)

Petitioner argues that his appellate briefing sufficiently articulated his federal claim in ground two. Petitioner notes that in the briefing to the Court of Appeals, he argued that under the Oregon Constitution, pleas of guilty must be knowing, intelligent and voluntary, and that the United States Constitution has the same test, and cited <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). This may have been sufficient to alert the Oregon Court of Appeals that petitioner was intending to assert a claim under the federal constitution.

However, petitioner failed to alert the Oregon Supreme Court to the federal nature of ground two in his Petition for Review. In his Petition for Review, petitioner raised the same question presented as he did before the Oregon Court of Appeals. (Resp. Ex. 128.) Although petitioner mentioned that the PCR court erred in failing to address his contention that his plea was not knowing or voluntary, petitioner did not cite <u>Boykin</u>, or contend in any manner that the error he was asserting was based on federal law.

I reject petitioner's suggestion that his briefing to the Oregon Court of Appeals should be considered in conjunction with his Petition for Review when assessing whether ground two was fairly presented. Petitioner did not incorporate his Court of Appeals briefing into his Petition for Review, cross-reference his

Court of Appeals briefing, or even attach that briefing to his Excerpt of Record. Compare Farmer v. Baldwin, 563 F.3d 1042, 1043 (9th Cir. 2009)(holding that incorporation by reference is permissible method of raising an issue on appeal); with Jackson v. Belleque, 2010 WL 348357, *4 (D. Or. Jan. 21, 2010)(inclusion of PCR petition in excerpt of record does not function as an incorporation by reference). To be sure, petitioner attached only the Court of Appeals judgment to his Petition for Review. (Resp. Ex. 128.) See also Baldwin, 541 U.S. at 29 (petitioner must fairly present his claim in each appropriate state court); Casey, 386 F.3d at 916 (same).

Accordingly, I conclude that petitioner's efforts did not alert the Oregon Supreme Court to the federal nature of his claim, and thus failed to provide that court with a fair opportunity to apply the controlling legal principles to the facts bearing on the voluntariness of his plea. Fields, 401 F.3d at 1021-22. Because ground two has not been fairly presented, and petitioner may no longer do so, O.R.S. §§ 138.650, 138.550(3), it is procedurally defaulted.[1] Coleman, 510 U.S. at 729, 735.

---

[1]Alternatively, respondent moves to deny relief on ground two on the basis that it fails to present a specific violation of the federal Constitution or other federal law. In response, petitioner's counsel argues that the pro se petition must be read more leniently, and that counsel should be permitted to amend ground two to add specific allegations under federal law. Petitioner was appointed counsel more than one year ago, and any deficiencies in the pleadings should have been observed and corrected long ago. However, because the court resolves this

**3.    Ground for relief four, sub-claims four and five are procedurally defaulted.**

In ground four, sub-claims four and five, petitioner alleges that he received ineffective assistance of counsel when his attorney failed to properly advise him of the maximum penalty and minimum penalty he would serve.  Petitioner concedes that he has failed to exhaust sub-claims four and five, and that they are procedurally defaulted.  However, petitioner asserts that grounds two and four, sub-claims four and five, should be considered by this court because he has presented evidence of his actual innocence that creates a gateway for this court to address the merits of his procedurally defaulted claims under Schlup v. Delo, 513 U.S. 298 (1995).  I disagree.

**4.    Petitioner cannot establish actual innocence.**

In the habeas corpus context, a fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007), cert. denied, 129 S. Ct. 31 (2008).  See also Murray, 477 U.S. at 496.  In this context, the claim of actual innocence is procedural because it allows "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the

---

matter on the grounds that it is procedurally defaulted, I need not address petitioner's belated motion to amend.

merits." <u>Schulp</u>, 513 U.S. at 315; <u>Smith</u>, 510 F.3d at 1139-40.  To pass through the <u>Schlup</u> gateway, a petitioner must show that, "in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." <u>Smith</u>, 510 F.3d at 1140; <u>House v. Bell</u>, 547 U.S. 518, 536-38 (2006).  This standard ensures a petitioner's case is truly "extraordinary" while providing a meaningful way to avoid a manifest injustice.  <u>House</u>, 547 U.S. at 538; <u>Schlup</u>, 513 U.S. at 327.  <u>See also</u> <u>Smith</u>, 510 F.3d at 1127.

To meet this standard, the claim must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324; <u>Pinnell v. Belleque</u>, 638 F.Supp.2d 1231, 1246 (D. Or. 2009).  The new evidence may be "newly presented" evidence of actual innocence, which may include evidence that was in petitioner's possession prior to trial, but never offered prior to accepting his plea bargain. <u>Griffin v. Johnson</u>, 350 F.3d 956, 963 (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 998 (2004).

In support of this argument, petitioner submits that although he helped Ramirez obtain the gun used in the robbery, petitioner was not aware Ramirez possessed the gun *at the time of the robbery*.  According to petitioner, this lack of knowledge satisfies an affirmative defense to felony murder under O.R.S. § 163.115(3)(c),

and that in light of this information, no reasonable juror would convict him.

Petitioner's argument fails for two reasons.  First, petitioner's evidence is not "newly presented."  Indeed, petitioner explained this very statement to the trial court judge at the time he entered his plea:

> THE COURT:     . . . you helped supply the gun to commit the robbery?
>
> [PETITIONER]:  Well, I got him the gun for him to have and then later on we were at a friend's house, he said that he was going to do that.
>
> . . . .
>
> [PETITIONER]:  I knew that he had the gun, I didn't know that he had it on him at the time.  (Plea Trans. Resp. Ex. 104, p. 11-13.)

Because this evidence was presented to the trial court at the time of his plea, it does not constitute newly presented evidence. Schlup, 513 U.S. at 324; Griffin, 350 F.3d at 963.

Second, contrary to petitioner's argument, this "new evidence" does not establish an affirmative defense to felony murder under O.R.S. § 116.115.  Petitioner appears to misunderstand Oregon's affirmative defense to felony murder.  Oregon's statutory affirmative defense to felony murder requires petitioner to prove that he:

> (a) Was not the only participant in the underlying crime;
>
> (b) Did not commit the homicidal act or in any way, solicit, request, command, importune, cause or aid in the commission thereof;

(c) Was not armed with a dangerous or deadly weapon;

(d) Had no reasonable ground to believe that any other participant was armed with a dangerous or deadly weapon; and

(e) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death.  O.R.S. § 116.115(3).

As explained and analyzed by the Ninth Circuit, had petitioner gone to trial on the felony murder charge, "he would have had the burden of proving all five elements of the affirmative defense by a preponderance of the evidence." Smith, 510 F.3d at 1140.  Thus, to pass through the Schlup gateway, petitioner must prove "it is more likely than not that no reasonable juror would have found that he failed to establish *any* of the five elements of the affirmative defense by a preponderance of the evidence." Id.

Petitioner maintains that he is innocent of felony murder because although he provided Ramirez the gun about a month beforehand, he did not know that Ramirez had the gun at the time of the robbery, thereby establishing element (d) of the affirmative defense.  Even assuming *arguendo* that petitioner could establish element (d), he has failed to establish element (b) or (e).  At the plea hearing, petitioner admitted that he previously supplied the gun used in the robbery, at some point learned that Ramirez intended to use the gun to rob Engelhart, made the phone call that lured Engelhart to the car for the purposes of robbing him, and that Ramirez then shot and killed Engelhart in petitioner's

presence.  (Ex. 104, p. 12-14.)  Given these facts, petitioner is unable to demonstrate that "no reasonable juror would have found that he failed to establish *any* of the five elements of the affirmative defense by a preponderance of the evidence." <u>Smith</u>, 510 F.3d at 1140.

Petitioner also argues that he cannot be guilty of robbery in the first degree, the underlying predicate offense, on an aiding and abetting theory because he was unaware that Ramirez possessed the gun at the time.  Petitioner's unsupported argument is without merit.  The facts admitted above establish that petitioner aided Ramirez in planning and committing the crime, and petitioner cites no law to the contrary.  <u>See</u> O.R.S. § 161.155(b); <u>State v. Zweigart</u>, 344 Or. 619, 633-34, 188 P.3d 242 (2008), <u>cert. denied</u>, 130 S.Ct. 56 (2009)(upholding robbery in first degree conviction on an aiding and abetting theory where defendant supplied the gun and aided in planning the crime).

In sum, petitioner has failed to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup</u>, 513 U.S. at 327; <u>Griffin</u>, 350 F.3d at 964.  Petitioner has not established that a fundamental miscarriage of justice will occur if grounds two and four, sub-claims four and five are not considered.  Accordingly, federal review of petitioner's procedurally defaulted grounds for relief is precluded.  28 U.S.C. § 2254(d).

Additionally, petitioner has not satisfied the requirements of 28 U.S.C. §§ 2254(e)(2) which would entitle him to an evidentiary hearing.  See Griffin, 350 F.3d at 966 (petitioner not entitled to evidentiary hearing on actual innocence claim).  Accordingly, petitioner's alternative request for such a hearing is denied.

## II.  State Court's Decision on Ground Four, Sub-Claim Three Is Entitled to Deference.

In ground four, sub-claim three, petitioner contends that trial counsel rendered ineffective assistance by failing to object to entry of petitioner's guilty plea because there was no factual basis for the plea.  Respondent moves to deny petitioner's only remaining claim on the merits on the basis that the state court's rejection of this claim is entitled to deference.  I agree.

## A.  Standards.

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under Strickland v. Washington, to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient

performance prejudiced the defense.  466 U.S. 668, 687 (1984); Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 390 (2000).  Failure to make the required showing on either prong defeats the ineffectiveness claim.

When a habeas petitioner challenges a guilty plea based on ineffective assistance of counsel, to establish deficient performance under the Strickland test, petitioner must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)(citing McMann v. Richardson, 397 U.S. 759, 771 (1970)).  To demonstrate prejudice under Strickland, petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Hill, 474 U.S. at 59.  In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial." Id. at 59.  This court reviews the state court's ultimate conclusion to ascertain whether it is contrary to or an unreasonable application of Strickland.  28 U.S.C. § 2254(d)(1); Lambert v. Blodgett, 393 F.3d 943, 978 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005); Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.), cert. denied, 543 U.S. 1038 (2004).

Petitioner argues that trial counsel rendered ineffective assistance when he failed to ensure that there was a factual basis

for his plea.[2]  According to petitioner, to be convicted of felony murder on an aiding and abetting theory, petitioner had to have the same mental state as the principal, Ramirez.  Petitioner reasons that because petitioner told the judge at the plea hearing that he did not know that Ramirez had the gun with him at the time of the robbery, petitioner did not have the same mental state as Ramirez, and the court should not have accepted his plea.  Petitioner appears to assert that because counsel failed to object to the lack of proof of petitioner's mental state, there was no factual basis for the crime, and consequently, counsel rendered ineffective assistance.  Petitioner's argument fails for numerous reasons.

First, petitioner, trial counsel, and the trial court engaged in a lengthy plea colloquy in which trial counsel assisted with providing a factual basis for the plea:

> THE COURT:  . . . As far as committing the Robbery in the First Degree, and I think we all know it's an aiding and abetting theory and you've talked with your lawyer about what it means to aid and abet. Were you actually aiding and abetting in a Robbery in the First Degree?
>
> [PETITIONER]:  Yes.
>
> THE COURT:  Okay.  . . . What did you do to help commit the Robbery in the First Degree?
>
> . . . .

---

[2]The court declines to take judicial notice of petitioner's exhibit submitted with his reply.  The exhibit concerns trial counsel's representation of another individual and is unrelated to the present case.  Accordingly, the evidence is excluded under Fed. R. Evid. 403.  <u>Bonin v. Calderon</u>, 59 F.3d 815, 828029 (9th Cir. 1995), <u>cert. denied</u>, 516 U.S. (1996).

[PETITIONER]:  Well, I got him the gun for him to have and then later on we were at a friend's house, he said that he was going to do that.

THE COURT: Okay.  [Trial Counsel], did you want to give me some extra facts on that?

[TRIAL COUNSEL]:  Yes.

THE COURT:  And Mr. Rawls, I'm going to ask you if he's got it correctly, because sometimes and in your position it's hard to think.

[TRIAL COUNSEL]: Yeah, it is a little tough, Judge, and it is kind of complex, although not that complex.  It's more complex for Mr. Rawls to get his mind around the murder/robbery charge.  What essentially happens, and it would be reviewable in the State's case, Mr. Rawls is being told by Jaime Ramirez that Jaime Ramirez wants to do a robbery.  The language that Mr. Rawls uses is a come-up.  Okay.  That is in street lingo robbery, so Mr. Rawls knows that   Jaime Ramirez wants to commit a robbery.  Whether or not there was –

THE COURT:  You said Mr. Rawls used the word come-up. You meant Mr. Ramirez.

[TRIAL COUNSEL]:  Yeah, Mr. Ramirez.  Mr. Rawls is repeating that.

THE COURT:  Sure.

[TRIAL COUNSEL]: Okay. And that's where the (inaudible) came, so Mr. Rawls knows that Jaime Ramirez wants to commit a robbery.  Okay.  There's a dispute that if Mr. Rawls knew right then and there that Mr. Ramirez was going to use that gun (inaudible).  However, shortly after – and this is not an issue– whether or not Mr. Rawls knew the exact moment that he (inaudible).  My client knew fairly soon after that that was in fact Mr. Ramirez' intent.  My client was aware of that and that at some point my client was trying to avoid being part of that, but also he did not avoid being part of it (inaudible) with [t]he knowledge that Mr. Ramirez was going to commit robbery, and Mr. Ramirez did have that knowledge that Mr. Ramirez was going to (inaudible) that my client had provided him.

[PETITIONER]:  I knew that he had the gun, I didn't know that he had it on him at the time.

THE COURT:  With that clarification, is everything that [trial counsel] told me factually correct?

[PETITIONER]:  Yes.

THE COURT:  Okay.  And [trial counsel], I believe, if I heard you correctly, one of the things you told me was that Mr. Rawls called Mr. Engelhart for the purpose of drawing him, I guess, to the place where Mr. Ramirez was going to rob him?

[TRIAL COUNSEL]:  Well, they were going to rob him in the car, and so my client makes the phone call to bring Mr. Engelhart there, knowing that at some point Mr. Ramirez wants to rob Mr. Engelhart.

THE COURT:  Okay.

[PETITIONER]:  Yes.

THE COURT:  Okay.  . . .  And you're shaking your head yes, Mr. Rawls, and said yes.  And that's factually sufficient on the robbery. And then of course the way the law is written, when someone gets killed in the robbery, then even though you may not have been thinking or intending that to happen at all, that still leaves you on the hook for the felony, to put it uncomplicated.  And you do − I guess, technically, I do want to cover the second part.  Did Mr. Ramirez actually shoot and kill Mr. Engelhart?

[PETITIONER]:  Yes.

THE COURT:  Okay.  That is sufficient for me to accept your guilty plea.  ... Do you want me to accept your plea of guilty to the Robbery in the First Degree and the Felony Murder?

[PETITIONER]:  Yes.  (Resp. Ex. 104, p. 10-14.)

Based on this colloquy, it is readily apparent that counsel assisted with providing the trial court with a factual basis for the plea, and that the trial court was satisfied that those facts

were sufficient to accept petitioner's guilty plea for robbery and felony murder.

Moreover, petitioner has not demonstrated that the facts presented in the colloquy were an insufficient factual basis, and that counsel rendered deficient performance. Petitioner's reliance on State v. Moreno, 197 Or. App. 59, 65, 104 P.3d 628 (2005), is misplaced. Moreno involved the reversal of a conviction of possession of a precursor substance, with intent to manufacture a controlled substance. 197 Or. App. at 65. Moreno does not discuss the factual basis necessary to accept a guilty plea for robbery or felony murder. Accordingly, I conclude that petitioner has failed to establish that counsel's performance was not within the range of competence demanded of attorneys in criminal cases when counsel did not object to the factual basis for the plea. Hill, 474 U.S. at 58; Strickland, 466 U.S. at 688.

Second, even if counsel failed to establish a factual basis for petitioner's plea, counsel's failure is not one of Constitutional dimension. "[T]he due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir. 1985); accord United States v. Ullyses-Salazar, 28 F.3d 932, 939 (9th Cir. 1994), cert. denied, 514 U.S. 1020 (1995), overruled on other grounds by United States

v. Gomez-Rodriguez, 96 F.3d 1262, 1265 (9th Cir. 1996)(en banc); Dockery v. Maass, 99 Or. App. 219, 781 P.2d 1230 (1989).

Petitioner asserts that he was "protesting his innocence" while pleading guilty to felony murder, and that the failure to establish a factual basis for his plea rendered his plea involuntary, thus distinguishing his case from Rodriguez as a special circumstance. Petitioner's argument is unconvincing.

A review of the plea colloquy shows that petitioner admitted to the trial court that he understood he was giving up his right to a trial, the right to confront witnesses against him, his right against self-incrimination, and that he understood the nature of the charges against him. (See Resp. Ex. 104, p. 3-4.) Indeed, petitioner acknowledged to the court accepting his plea that no one pressured him to plead guilty, and that he had been informed that the maximum possible penalty was life in prison, with a 25 year minimum. (Id.) Thus, as in Rodriguez, no special circumstances exist in this case. See Rodriguez, 777 F.2d at 528. Thus, even if petitioner's counsel failed to establish a factual basis for his plea, petitioner has failed to demonstrate that counsel provided constitutionally deficient performance. See Brady v. United States, 397 U.S. 742, 748 (1970)(for a plea to be knowingly and voluntarily entered, petitioner must make a voluntary and intelligent choice to waive his Constitutional rights "with

sufficient awareness of the relevant circumstances and likely consequences").

Third, petitioner has not demonstrated that he was prejudiced by counsel's alleged ineffectiveness. Petitioner asserts that he would not have pleaded guilty if he had been properly advised that: (1) he had an affirmative defense to felony murder, and (2) his sentence of life in prison was mandatory. Both of petitioner's arguments fail.

Despite petitioner's repeated assertions, the fact that petitioner was unaware that Ramirez possessed the gun at the time of the robbery does not establish a complete defense to felony murder under O.R.S. § 116.115(3). As discussed above, even if petitioner could establish subsection (d), he has failed to establish how he satisfies the remaining elements of the statute. Because petitioner has not established that the affirmative defense to felony murder would have succeeded had he proceeded to trial, he has not demonstrated that he was prejudiced by counsel's advice to plead guilty. Hill, 474 U.S. at 57-59; Strickland, 466 U.S. at 688.

And, petitioner's complaint that he never would have agreed to plead guilty if he understood that a life sentence was mandatory as opposed to the presumptive maximum, misses the mark. According to petitioner, he was inaccurately informed that the maximum possible sentence he *could* receive was life in prison, and that he should

have been informed that a sentence of life in prison was *mandatory*.
Petitioner also suggests that the PCR court's rejection of this
claim is not entitled to deference because it is based on an
unreasonable determination of the facts in light of the evidence
presented.  28 U.S.C. § 2254(d)(2).

Based upon my independent review of the record, I conclude
that the PCR court's determination was reasonable.  As detailed
above, in the lengthy plea colloquy, petitioner acknowledged that
he understood he was receiving a maximum sentence of life in
prison, with a minimum 25 year sentence.  (Resp. Ex. 104, p. 4).
The plea petition signed by petitioner likewise provides that
petitioner's maximum possible sentence is life in prison, with a 25
year minimum.  (Resp. Ex. 103.)  Additionally, review of the PCR
transcript reveals that petitioner's own testimony undermines his
claim that he would not have pleaded guilty if he had fully
understood that a life sentence was mandatory, instead of simply
presumptive.  Indeed, petitioner testified at the PCR proceeding
that he believed he would receive a minimum 25 year sentence.
(Resp. Ex. 123, p. 18.)  And, when asked what he thought his
maximum sentence would be, petitioner replied "Life." (Id. at 19.)
Having thoroughly reviewed the record, I conclude that the PCR
court's rejection of petitioner's ineffective assistance of counsel
claim was not based upon an unreasonable determination of the facts
in light of the evidence presented.  28 U.S.C. § 2254(d)(2)

Accordingly, the PCR court's determination is entitled to deference.  28 U.S.C. § 2254(d)(1).

Moreover, petitioner cannot establish prejudice from any alleged inaccurate advice he received from counsel concerning the length of his sentence.  Even if petitioner was inaccurately informed that a life sentence was presumptive as opposed to mandatory, petitioner received exactly what the judge informed him he could receive–life in prison, and the required minimum he must serve in prison was 25 years prior to eligibility before parole. Compare Weaver v. Palmateer, 455 F.3d 958, 967 (9th Cir. 2006)(no prejudice based on advice of counsel where trial court informed petitioner that sentencing could result in lengthy imprisonment); and Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007), cert. denied, 552 U.S. 1121 (2008)(erroneous sentencing prediction, without more, does not constitute ineffective assistance of counsel); with Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986)(gross misrepresentation of sentencing exposure may constitute ineffective assistance).

For all these reasons, I conclude that petitioner has failed to establish that trial counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced as a result.  Hill, 474 U.S. at 57-59; Strickland, 466 U.S. at 694. Accordingly, the PCR court's rejection of petitioner's grounds for

relief is neither contrary to, nor an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d).

### CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ____12th____ day of NOVEMBER, 2010.


_/s/ Garr M. King____
Garr M. King
United States District Judge